UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

In re:                                                          )
                                                                )
DAVID E. HETTINGER                                              )      CASE NO. 09-36174
                                                                )      CHAPTER 7
                    Debtor                                      )
_____)

**MEMORANDUM OPINION**

This matter comes before the Court on the Debtor's Motion to Avoid Lien of Republic Bank & Trust Company (Doc. No. 29). In the motion, the Debtor seeks to avoid the judgment lien held by Republic Bank & Trust Company ("Republic") on real property located at 6406 Westwind Way, Crestwood Kentucky 40014 ("the "Property") pursuant to 11 U.S.C. § 522(f)(1) on the basis that the judicial lien impairs the Debtor's homestead exemption. At issue is the value of the property in question.

**FACTS**

The Debtor is a home builder with many years of experience in the home construction market. The Debtor filed his bankruptcy petition (the "Petition") for Chapter 7 relief on December 1, 2009 (the "Petition Date"). The Debtor and his non-filing spouse jointly own the homestead Property.

The Debtor claimed a $20,200.00 homestead exemption in his Schedule C to the Petition and there has been no objection to the Debtor's homestead exemption. Therefore, the Debtor's homestead exemption is allowed.

On the Petition Date, the Debtor listed in his sworn Schedule D two mortgages against the Property. The Debtor listed Provident Bank as holding the First Mortgage with a balance due of $318,000.00. The Debtor also listed Republic as holding the Second Mortgage with a balance of

$50,000.00.

On the Petition Date, in the Debtor's sworn Schedule A, the Debtor listed and valued the Property at $435,000.00. However, after the filing of the motion to avoid and almost two years later, on November 16, 2011, roughly two weeks before the hearing on the motion to avoid lien, the Debtor filed an Amended Schedule A, wherein he now states the Property has a value of only $385,000.00.

As stated above, the only point of contention with regard to this motion to avoid lien is the value of the Property. The Debtor contends the Property has a value of $385,000.00, while Republic contends the Property has a value of $455,000.00. To determine the value, the Court scheduled and conducted an evidentiary hearing on November 29, 2011.

The Debtor testified that he believed the value of the Property to be $385,000.00. The Debtor built this house in 2004 for the approximate cost of $300,000.00. While he admitted that he originally believed the Property possessed a value at $435,000.00 as indicated on his sworn Schedule A, he testified that he may have overstated the value of the property. He testified that the new lower valuation of $385,000.00 is more accurate based upon his home building experience, and the selling price of several comparable homes that were sold after the Petition Date.

On cross examination, the Debtor admitted he was not an appraiser and that his work experience is that of a builder rather than an appraiser. He also testified that in 2006, when he applied for the Second Mortgage with Republic, he indicated on the loan application that the Property had a value of $460,000.00. Finally, the Debtor admitted that the property had a tax assessment of $470,000.00, although he now states that he should have challenged that assessment.

Michael A. Wright testified for Republic. He is a Recovery Supervisor for Republic and has been employed by Republic for over six years. He testified that the balance of the judgment lien on the Petition Date was $124,287.57. He also testified that on the Petition Date, the Second Mortgage held by Republic had a balance of $49,727.31.

## DISCUSSION

### I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O).

### II. Avoidance of Lien

Under 11 U.S.C. § 522(f)(1)(A), a debtor may avoid the fixing of a judicial lien on an interest of the debtor in property to the extent such lien impairs the debtor's exemption. Section 522(f)(2)(A) provides as follows:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
>
> > (i) the lien;
> > (ii) all other liens on the property; and
> > (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). Lien avoidance is not an "all or nothing matter." *See In re Brinley*, 403 F.3d 415 (6th Cir. 2005). Rather, a judgment lien may be avoided only to the extent that it impairs the debtor's exemption. *Id.*

While § 522(f) does not specify the operative date for purposes of applying the formula to determine whether a lien impairs an exemption, 11 U.S.C. § 522(a) defines "value" for purposes of

3

§ 522 as "fair market value as of the date of the filing of the petition ... ." Accordingly, the petition date has been held to be the operative date for all § 522(f) determinations, including determinations regarding the value of the debtor's property and the value of the liens. *In re Wilding*, 475 F.3d 428, 432 (1st Cir. 2007); *In re Salanoa*, 263 B.R. 120, 123 (Bankr. S.D. Cal. 2001) ("The Court must value the residence and the Debtor's entitlement to an exemption on the petition date."). Accordingly, the value of the Debtor's interest in the Property for purposes of § 522(f) should be calculated based upon the fair market value of the Debtor's interest in the Property determined on the Petition Date.

The parties have not made the Court's job easy. Neither party submitted an appraisal valuing the property as of the property date. The Debtor submitted his own testimony as to the value of the property, valuing the Property at $385,000.00. While the Debtor possesses extensive experience with home construction, his knowledge and experience with regard to appraising real property is somewhat more limited. Moreover, his current valuation is admittedly based to some degree upon comparable home sales that took place *after* the Petition Date.

Republic likewise failed to submit an appraisal based upon the Petition Date. Indeed, the only evidence Republic was able to offer as to the Property's value is the 2006 pre-housing market crash Second Mortgage Loan Application, wherein the Debtor indicated the Property had a value of $460,000.00, the Debtor's original Schedule A valuing the Property at $435,000.00, and the tax assessment value of $470,000.00. Based upon the evidence presented, the Court concludes that, on the Petition Date, the Property possessed a fair market value of $410,000.00. This figure takes into account the housing market crash as well as the Debtor's previous estimates of the Property's value.

As stated above, the language of the § 522(f)(2)(A) authorizes avoidance of judicial liens

only to the extent that those liens impair an exemption. An exemption is impaired " to the extent that the sum of [the liens and the exemption] exceeds the value the debtor's interest in the property" absent the liens. 11 U.S.C. § 522(f)(2)(A). Applying the 11 U.S.C. § 522(f)(2)(A) calculations as instructed by the Sixth Circuit in *Brinley* yields the following:  Prior liens, consensual liens, and Debtor's exemption total $512,214.88 ($318,000.00 + $49,727.31 + $124,287.57 + $20,200.00). Subtracting the Property's value of $410,000.00 leaves a balance of $102,214.88.  Because the amount of the impairment in this case is $102,214.88, Republic's lien may be avoided only by that amount.  Consequently, Republic retains a lien on the Debtor's property in the amount of $22,072.69 ($124,287.57 - $102,214.88 = $22,072.69).  *See In re Brinley*, 403 F.3d 415, 421 (6th Cir. 2005). The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

_____
Alan C. Stout
United States Bankruptcy Judge
Dated: December 9, 2011

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re: ) | |
| ) | |
| DAVID E. HETTINGER ) | CASE NO. 09-36174 |
| Debtor ) | CHAPTER 7 |
| _____) | |

### ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that, pursuant to 11 U.S.C. § 522(f), $102,214.88 of the $124,287.57 judgment lien held by Republic Bank & Trust Company, of record in Encumbrance Book 86, Page 458, in the property located at 6406 Westwind Way, Crestwood Kentucky 40014 is **AVOIDED**. Republic retains a lien in this property in the amount of $22,072.69.

_/s/ Alan C. Stout_
Alan C. Stout
United States Bankruptcy Judge

Dated: December 9, 2011